OPINION
Curtis Long appeals from a judgment of the Clark County Court of Common Pleas, which denied his motion to vacate the court costs imposed as part of his September 2, 1983 sentence for aggravated murder and aggravated robbery.
Long was found guilty of aggravated murder and aggravated robbery by a jury in the Clark County Court of Common Pleas on September 2, 1983. On the same day, the trial court sentenced him to life imprisonment on the aggravated murder charge and to seven to twenty-five years on the aggravated robbery charge and ordered the sentences to be served consecutively. The trial court also ordered Long to pay the costs of the prosecution. Long appealed, and we affirmed the judgment of the trial court on July 12, 1984. See State v. Long (July 12, 1984), Clark App. No. 1893, unreported. On January 12, 2000, the state moved for a revivor of judgment regarding the order that Long pay the costs of the prosecution, which had become dormant. The trial court granted the state's motion. On February 8, 2000, Long filed a "Motion to Vacate Fine or Modification of Sentence," which the trial court denied on June 14, 2000. Long subsequently filed a motion to vacate the court costs that the trial court had ordered him to pay as part of his sentence. The trial court denied this motion on July 31, 2001.
Long raises three assignments of error. Because they all involve the same argument, we will address them together.
 TRIAL COURT ERRED IN ITS RULING THAT A DECLARATION OF INDIGENCY FOR PURPOSES OF A CRIMINAL PROCEEDING-CANNOT [SIC] BE USED TO AVOID THE COLLECTION OF COURT-IMPOSED COSTS.
 TRIAL COURT ERRED IN ITS DETERMINATION THAT OHIO COURTS HAVE UNLIMITED DISCRETION TO IMPOSE COST BILL IN CASE OF A FELONY TO INDIGENT DEFENDANTS-WHERE [SIC] LEGISLATIVE INTENT OF STATUTE PROHIBITS IMPOSITION
 TRIAL COURT ERRED IN ITS DETERMINATION THAT THE AUTHORITY CITED UNDER STATE V. COSTA, IS CONTROLLING FOR COST BILL, UNDER O.R.C., 2949.14.
Under all of these assignments of error, Long argues that the trial court erred in imposing court costs on him as part of his sentence given that he was, and still is, indigent. The state argues, and the trial court found, that this issue is barred by res judicata because it could have been raised in Long's direct appeal. We agree with the trial court.
In State v. Costa (Sept. 3, 1999), Greene App. No. 99CA0014, unreported, we held that the imposition of court costs must be challenged by a defendant in his direct appeal. Otherwise, the issue is barred byres judicata. See id. Although Long's motion to vacate the costs was clearly prompted by the revivor of judgment, his argument that costs should not have been imposed due to his indigent status could have been raised on direct appeal. It was not, and res judicata bars its consideration now. The trial court did not err in denying Long's motion.
All three of Long's assignments of error are overruled.
The judgment of the trial court will be affirmed.
BROGAN, J. and FAIN, J., concur.